CASE NO. 13-1138

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| MIRACLE GASH, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| CLIENT SERVICES, INC., | ) |
| a Missouri corporation, | ) |
| | ) |
| Defendant-Appellee. | ) |

_____

On Appeal from the United States District Court
For the District of Colorado
The Honorable Judge Lewis T. Babcock
D.C. No. 1:12-cv-01426-LTB-MJW

_____

**APPELLANT'S OPENING BRIEF**

_____

Respectfully submitted,

David M. Larson, Esq.
Attorney for the Plaintiff-Appellant
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895

Oral Argument is not requested.
SCANNED PDF FORMAT ATTACHMENTS ARE INCLUDED

Date: June 25, 2013

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES…………………………………………-iv-

PRIOR OR RELATED APPEALS…………………………………..-v-

STATEMENT OF JURISDICTION…………………………………1

STATEMENT OF THE ISSUES………………………………….1

STATEMENT OF THE CASE………………………….........................1

STATEMENT OF THE FACTS…………………………….............3

SUMMARY OF THE ARGUMENTS………..……………………...5

THE DISTRICT COURT ERRED IN DENYING IN PART THE
PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND IN DENYING
THE PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS
FEES IN ITS ORDER DATED MARCH 18, 2013 BY DENYING
PLAINTIFF'S ATTORNEYS FEES EXPENDED AFTER THE
PLAINTIFF'S MOTION FOR ATTORNEYS FEES WAS FILED WITH
THE COURT IN SUPPORT OF AND IN FURTHERANCE OF THE
PLAINTIFF'S MOTION FOR ATTORNEYS FEES……………………5

ARGUMENTS……………………………………………………………5

PLAINTIFF IS ENTITLED TO ADDITIONAL ATTORNEYS FEES FOR
HER TIME SPENT ON THIS APPEAL AND FOR HER COSTS AS A
RESULT OF THIS APPEAL…………………………………………13

STATEMENT OF COUNSEL AS TO ORAL ARGUMENT…………..13

CONCLUSION…………………………………………………………..14

CERTIFICATE OF COMPLIANCE……………………………………..15

CERTIFICATE OF DIGITAL SUBMISSION…………………………..15

CERTIFICATE OF SERVICE…………………………………….…..16

ATTACHMENTS:

Miracle Gash v. Client Services, Inc., 12-cv-01426-LTB-MJW, Order re Plaintiff's Motion for Attorneys Fees and Supplemental Motion for Attorneys Fees, CM/ECF # 20…………..…………………………. 1

# TABLE OF AUTHORITIES

## CASES

Anchondo v. Anderson, Crenshaw & Associates, 616 F.3d 1098, 1107 (10th

Cir. 2010)……………………………………………………………………13

Bernback v. Greco, 2007 WL 108293, page 2 (3rd Cir. Jan. 16, 2007)…10

Brimer v. Life Ins. Co. Of North America, 2012 WL 414386, page 7 (10th

Cir. February 12, 2012)………………………………………………………8

DeJesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 235 (1st Cir.

1990)……………………………………………………………………………12

Glass v. Pfeffer, 849 F.2d 1261, 1266, Footnote 3 (10th Cir. 1988)………13

Graziano v. Harrison, 950 F.2d 107, 113 (3rd Cir. 1991)…………………12

Hernandez v. George, 793 F.2d 264, 269 (10th Cir. 1986)………………..12

Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1117 (10th Cir.2004)

………………………………………………………………….…..…….. 6

Johnson v. Riddle, 305 F.3d 1107 (10th Cir. 2002)……..………………..…6

Scottsdale Insurance Company v. Tolliver, 636 F.3d 1273, 1276

(10th Cir. 2011)……………………………………………………………...5

Wagner v. Shinseki, 640 F.3d 1255, 1260 (Fed. Cir. 2011)…………...10, 11

White v. Cavalry Portfolio Services, LLC, 2012 WL 899280, page 1

(D.Colo. March 16, 2012) (unpublished)…………………………..…….8

Whittington v. Nordam Group Inc., 429 F.3d 986, 1002 (10th Cir. 2005)...13

## STATUTES

15 U.S.C. § 1601 et. seq…………………………..………………..…………...6

15 U.S.C. § 1692k(a)(3)…………….…………………………………....12

15 U.S.C. § 1692k(d)…………………………………………………………1

28 U.S.C. § 1291……………………………………………….…………..1

## OTHER

Blacks Law Dictionary………………………………………….……….6, 7, 9

Federal Rules of Appellate Procedure, Rule 4(a)(4)……………..…………1

Federal Rules of Civil Procedure, Rule 54…………………………………10

Federal Rules of Civil Procedure, Rule 54(a)………………………...……10

Federal Rules of Civil Procedure, Rule 54(d)(2)(B)(i)………........6, 9, 10, 11

Federal Rules of Civil Procedure, Rule 54(d)(2)(B)(iii)…………......6, 7, 8, 9

Federal Rules of Civil Procedure, Rule 68……………………….……1, 2, 3

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et.seq………………..2

## PRIOR OR RELATED APPEAL

None.

COMES NOW the Plaintiff-Appellant, Miracle Gash, by and through her counsel, David M. Larson, Esq., and for her opening brief states as follows:

## STATEMENT OF JURISDICTION

The United States District Court for the District of Colorado had jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). Pursuant to Defendant's Fed.R.Civ.P. 68 Offer of Judgment, the Court entered Judgment in favor of the Plaintiff and against the Defendant. Pursuant to the Judgment the Plaintiff filed a Motion for Attorney's Fees and Supplemental Motion for Attorney's Fees. The Court entered an Order granting in part and denying in part the Plaintiff's Motion for Attorney's Fees and denying the Plaintiff's Supplemental Motion for Attorney's Fees on March 18, 2013. (Attachment 1). The notice of appeal was timely filed in accordance with Fed.R.App.4(a)(4) on April 10, 2013. This appellate court's jurisdiction derives from 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

THE DISTRICT COURT ERRED IN DENYING IN PART THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND IN DENYING THE PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES IN ITS ORDER DATED MARCH 18, 2013 BY DENYING PLAINTIFF'S ATTORNEYS FEES EXPENDED AFTER THE PLAINTIFF'S MOTION FOR ATTORNEYS FEES WAS FILED WITH THE COURT IN SUPPORT OF AND IN FURTHERANCE OF THE PLAINTIFF'S MOTION FOR ATTORNEYS FEES.

## STATEMENT OF THE CASE

The Plaintiff brought the underlying action against the Defendant alleging that the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (hereinafter the "FDCPA") as a result of false and misleading statements and unfair practices by the Defendant while attempting to collect a debt from the Plaintiff. The Defendant served a Fed.R.Civ.P. 68 Offer of Judgment upon the Plaintiff which the Plaintiff accepted and filed with the Court.

On June 25, 2012 pursuant to Fed.R.Civ.P. 68 the Court entered Judgment in favor of the Plaintiff and against the Defendant on the terms stated in the Fed.R.Civ.P. 68. Pursuant to the Judgment the Plaintiff filed a Motion for Attorneys Fees on July 9, 2012. The Defendant filed its Response to the Plaintiff's Motion for Attorney's Fees on July 31, 2012. The Plaintiff filed her Reply to the Defendant's Response on August 14, 2012.

The Plaintiff filed a Supplemental Motion for Attorneys Fees on September 14, 2012. The Defendant filed its Response to the Plaintiff's Supplemental Motion for Attorney's Fees on October 5, 2012. The Plaintiff filed her Reply to the Defendant's Response on October 19, 2012. The Plaintiff filed a Notice of Supplemental Authorities with the Court on March 12, 2013.

The Court entered an Order granting in part and denying in part the Plaintiff's Motion for Attorney's Fees and denying the Plaintiff's Supplemental Motion for Attorney's Fees on March 18, 2013. (Attachment 1).

## STATEMENT OF THE FACTS

1.    On June 1, 2012 the Plaintiff filed a Complaint and Jury Demand with the

Court alleging that the Defendant violated the FDCPA, CM/ECF # 1. Applt.

Appx. p. 5.

2.    On June 22, 2012 the Plaintiff filed her Notice of Acceptance of the

Defendant's Fed.R.Civ.P. 68 Offer of Judgment with the Court with the

Defendant's Offer of Judgment attached, CM/ECF #7. Applt. Appx. p. 16.

3.    On June 25, 2012 the Court entered Judgment in favor of the Plaintiff and

against the Defendant pursuant to the terms in the Defendant's Fed.R.Civ.P.

68 Offer of Judgment, CM/ECF #8. Applt. Appx. p. 23.

4.    The Plaintiff filed a Motion for Attorneys Fees, CM/ECF # 11, on July 9,

2012. Applt. Appx. p. 24.

5.    Plaintiff's Motion for Attorneys Fees specifically requested "plus any

attorney's fees expended by Plaintiff in reviewing the Defendant's response

to this Motion, if any, and to Reply to the Defendant's Response, if any…".

Applt. Appx. p. 37.

6.    The Defendant filed a 17 page Response, CM/ECF # 13, to Plaintiff's

Motion for Attorneys Fees with 22 pages of attachments on July 31, 2012.

Applt. Appx. p. 62.

7.  The Plaintiff filed a Reply, CM/ECF # 14, to the Defendant's Response on August 14, 2012. Applt. Appx. p. 101.

8.  Plaintiff's Reply specifically requested an additional $575.00 in attorney's fees for time expended on in support of the Motion for Attorney's Fees after the Motion for Attorney's Fees was filed. Applt. Appx. p. 110.

9.  The Plaintiff filed a Supplemental Motion for Attorneys Fees, CM/ECF # 15, on September 14, 2012. Applt. Appx. p. 118.

10. Plaintiff's Supplemental Motion for Attorneys Fees specifically requested an additional $875.00 (including the $575.00 stated above in paragraph 5) in attorney's fees for time expended in support of the Motion for Attorney's Fees after the Motion for Attorney's Fees was filed. "plus any attorney's fees expended by Plaintiff in reviewing the Defendant's response to this Motion, if any, and to Reply to the Defendant's Response, if any…". Applt. Appx. p. 127.

11. The Defendant filed a 4 page Response, CM/ECF # 17, to Plaintiff's Supplemental Motion for Attorneys Fees on October 5, 2012.  Applt. Appx. p. 139.

12. The Plaintiff filed a Reply, CM/ECF # 18, to the Defendant's Response on October 19, 2012. Applt. Appx. p. 143.

13.    Plaintiff's Reply specifically requested a total amount of $3,500.00 in

attorney's fees for total time expended in this case via both the Motion for

Attorneys Fees and the Supplemental Motion for Attorneys Fees. Applt.

Appx. p. 147.

## SUMMARY OF THE ARGUMENTS

The District Court erred in denying in part the Plaintiff's Motion for

Attorneys Fees and in denying the Plaintiff's Supplemental Motion for Attorneys

Fees in its Order dated March 18, 2013 as to the Plaintiff's Attorneys Fees

expended after the Plaintiff's Initial Motion for Attorneys Fees was filed with the

Court in furtherance and in support of that Motion. (Attachment 1).

## ARGUMENTS

The Court erred in denying in part the Plaintiff's Motion for Attorneys Fees

and in denying the Plaintiff's Supplemental Motion for Attorneys Fees in its Order

dated March 18, 2013 as to the Plaintiff's Attorneys Fees expended after the

Plaintiff's Initial Motion for Attorneys Fees was filed with the Court in furtherance

and in support of that Motion. (Attachment 1).

We review a district court's decision on whether to award attorneys fees for

abuse of discretion, but we review de novo the district court's application of the

legal principles underlying that decision. Scottsdale Insurance Company v.

Tolliver., 636 F.3d 1273, 1276 (10th Cir.2011). We also review questions of

statutory interpretation de novo. <u>Hill v. SmithKline Beecham Corp.</u>, 393 F.3d 1111, 1117 (10th Cir.2004).

This Court held in <u>Johnson v. Riddle</u>, 305 F.3d 1107, 1117 (10th Cir. 2002) that "Because the FDCPA, like the Truth in Lending Act (TILA), <u>15 U.S.C. § 1601 et seq.</u>, is a remedial statute, it should be construed liberally in favor of the consumer."

The District Court's Order refers to Fed.R.Civ.P. 54(d)(2)(B)(iii) which states: "state the amount sought or provide a fair estimate of it; and" as the basis for denying the fees expended after Plaintiff's Motion for Attorneys Fees was filed in support of the initial Motion as the basis for denying the Plaintiff those fees sought via both the Plaintiff's Motion for Attorneys Fees and the Plaintiff's Supplemental Motion for Attorneys Fees on the grounds that the request for those attorneys fees were untimely as they were sought more than 14 days after Judgment entered as required by Fed.R.Civ.P. 54(d)(2)(B)(i).

"Fair" is defined in part as: "Having the qualities of impartiality and honesty; free from prejudice, favoritism, and self interest. Just, equitable; even handed; equal, as between conflicting interests." <u>Blacks Law Dictionary</u>, Sixth Edition, 1990.

"Estimate" is defined in part as: "A valuing or rating by the mind, without actually measuring, weighing or the like. A rough or approximate calculation only." Blacks Law Dictionary, Sixth Edition, 1990.

The Plaintiff had no way of estimating what her future attorneys fees would be in the case as of the date she filed her initial Motion for Attorneys Fees as she had no way of knowing if the Defendant would file a Response to the Motion, how detailed the Response would be and/or how long it would take Plaintiff's counsel to review the Response and the caselaw cited therein, if any, how much time would be expended completing the Reply to the Defendant's Response, if the District Court would refer the Motion to a U.S. Magistrate Judge for a Recommendation and/or if the Plaintiff and/or the Defendant would file objections to the Recommendation of the Magistrate Judge. With all these variables it was impossible for Plaintiff's counsel to estimate the future fees that would be expended in the future at the time of the filing of her Motion for Attorneys Fees which is exactly why the Plaintiff identified her request for the attorneys fees in her initial Motion, identified them in her Reply and then for good measure sought them via her Supplemental Motion for Attorneys Fees. While the Plaintiff could estimate the attorneys fees she had expended up to the date of the filing of the Motion for Attorneys Fees pursuant to Fed.R.Civ.P. 54(d)(2)(B)(iii) she had no way of doing

so as to her future Attorneys Fees she would expend after the Motion for Attorneys

Fees was filed at the time of the Filing of the her initial Motion for Attorneys Fees.

Any amount that Plaintiff had listed in her Motion as an estimate of her

future fees after the initial Motion was filed would be rightfully attacked by the

Defendant in its Response as not "fair" or not a "fair estimate" as fair is defined

above. The District Court's incorrect interpretation of Fed.R.Civ.P. 54(d)(2)(B)(iii)

in its Order puts the Plaintiff in a position in which she cannot hope to prevail, she

is required to meet a standard that she cannot meet despite her best efforts as in this

case – seeking the Attorneys Fees via both her initial Motion and via her

Supplemental Motion. Indeed the District Court previously rejected a request of

another of Plaintiff's counsels clients in a FDCPA cases fees expended after the

Motion for Attorneys Fees was filed in support of the Motion on the grounds that

the request was untimely except in that case the District Court said it was because

an argument first raised in a reply was untimely citing Brimer v. Life Ins. Co. of

North America, 2012 WL 414386, page 7 (10th Cir. February 12, 2012).

(unpublished) in White v. Cavalry Portfolio Services, LLC, 2012 WL 899280, page

1 (D.Colo. March 16, 2012) (unpublished). So in this case the Plaintiff attempts to

receive the Attorneys Fees via both her initial Motion and her Supplemental

Motion for Attorneys Fees and the Court denies them for a different reason,

making the standard to get the subsequent Attorneys Fees awarded a moving target.

"Supplemental" is defined as: "That which is added to a thing or act to complete it." <u>Blacks Law Dictionary</u>, Sixth Edition, 1990.

The District Court erred in its Order in denying Plaintiff's Motion and Supplemental Motion for Attorneys Fees as to the Plaintiff's attorney's fees expended after the Plaintiff's Motion was filed in support of the Motion as claimed by the Plaintiff in both the Motion and the Reply to the Defendant's Response to the Plaintiff's Initial Motion because the Court's Order found that the Plaintiff's Supplemental Motion for Attorneys Fees was not timely. This is incorrect. The Plaintiff first sought the Attorneys Fees via her Motion for Attorneys Fees and its Reply and then for good measure also via her Supplemental Motion for Attorneys Fees. As the definition of Supplemental above states it is added to a thing or act to complete it. Thus Plaintiff's Supplemental Motion for Attorneys Fees was timely as it was not a new Motion that would have been untimely pursuant to Fed.R.Civ.P. 54(d)(2)(B)(i) based on the fact that it was filed more than 14 days after the Judgment was entered in favor of the Plaintiff and against the Defendant instead it is added to the original Motion for Attorneys Fees that was timely filed pursuant to Fed.R.Civ.P. 54(d)(2)(B)(i) thus the Supplemental Motion for Attorneys Fees was also timely filed.

Plaintiff's counsel was unable to locate any caselaw from the U.S. Court of Appeals for the Tenth Circuit on the issue of Fed.R.Civ.P. 54(d)(2)(B)(iii)

requiring the estimating of future Attorneys Fees at the time of the filing of the

Initial Motion for Attorneys Fees for the future Attorneys Fees claimed to be timely

pursuant to Fed.R.Civ.P. 54(d)(2)(B)(i).

A Federal Appeals Court in an unpublished opinion addressing a Motion for

Supplemental Fees stated: "the relevant event for purposes of a motion for

supplemental fees is the entry of judgment that required the prevailing party to

incur the additional fees. "Judgment" in Rule 54 is defined as "a decree and any

order from which an appeal lies." Fed.R.Civ.P. 54(a). Thus, when a party is

entitled to additional fees for successfully opposing post-judgment motions, the fee

application should be filed within 14 days of entry of denial of those motions, not

within 14 days of the initial entry of judgment." Bernback v. Greco, 2007 WL

108293, page 2, (3rd Cir. Jan. 16, 2007).

According to the Bernback case as the Plaintiff's Supplemental Motion for

Attorneys Fees was filed on September 14, 2012 and the District Court at that time

had not ruled on the Plaintiff's Initial Motion for Attorney's Fees filed in this case

the Plaintiff's Supplemental Motion for Attorney's Fees was timely filed.

"it would be inconsistent [with the purpose of fee-shifting statutes] to dilute

a fee award by refusing to compensate attorneys for the time they reasonably spent

in establishing their rightful claim to the fee". Wagner v. Shinseki, 640 F.3d 1255,

1260 (Fed.Cir. 2011).

"Furthermore, although *Hensley* involved an initial fee application, the fee guidelines it provides are applicable to supplemental fee applications as well." Wagner v. Shinseki, 640 F.3d 1255, 1261, Footnote 3 (Fed.Cir. 2011).

The District Court also erred in its Order in adopting the Defendant's argument that the Court had to deny Plaintiff's Supplemental Motion for Attorneys Fees on the grounds that the Plaintiff's Fee Requests would seem to have no end point in sight as the Plaintiff could continually ask for continued work in replying to her own motions and filing new ones. This holding by the Court completely ignores what actually took place in this case in the Plaintiff's initial Motion and Supplemental Motion for Attorneys Fees. On page 5 of Plaintiff's Reply to Defendant's Response to Plaintiff's Supplemental Motion for Attorneys Fees the Plaintiff actually reduces the total amount requested in this case from $4,400.00 to $3,500.00 and does not make any request for any additional attorneys fees as a result of filing the Reply to the Supplemental Motion for Attorneys Fees. Thus the District Court improperly denied Plaintiff's Attorneys Fees expended after the initial Motion was filed with the Court in support of and in furtherance of the Plaintiff's initial Motion for Attorneys Fees.

The District Court's Order does not state that the Attorneys Fees at issue in this appeal were not reasonable instead it rejects them as not timely made pursuant to Fed.R.Civ.P. 54(d)(2)(B)(i). As the District Court did not find that the Attorneys

Fees at issue were not reasonable the FDCPA requires the Plaintiff be awarded her

reasonable attorneys fees and costs in this case which include the Plaintiff's

Attorneys Fees expended after the initial Motion for Attorneys Fees was filed with

the Court in Support of and in furtherance of the initial Motion for Attorneys Fees

that were improperly denied by the District Court.

In the FDCPA, Congress provided:

any debt collector who fails to comply with any provision of this
subchapter…
is liable to such person in an amount equal to the sum of [actual damages
plus statutory damages] and in the case of any successful action to enforce
the foregoing liability, the costs of the action, together with a reasonable
attorney's fee as determined by the court.

15 U.S.C. § 1692k(a)(3).

The FDCPA mandates an award of attorney's fees as a means of fulfilling

Congress's intent that the FDCPA should be enforced by debtors acting a private

attorneys general. See, Graziano v. Harrison, 950 F.2d 107, 113 (3rd Cir. 1991);

DeJesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 235 (1st Cir. 1990) (Truth

in Lending Act lawsuit).

Recovery of attorneys fees for resolving an attorney's fee request is normally

allowed even after the merits of the dispute have been settled. Hernandez v.

George, 793 F.2d 264, 269 (10th Cir. 1986).

"It is obviously fair to grant a fee for time spent litigating the fee issue, at

least if the fee petitioner is successful and his claim as to a reasonable fee is

vindicated, since it is the adversary who made the additional work necessary."

Glass v. Pfeffer, 849 F.2d 1261, 1266, footnote 3 (10th Cir. 1988).

## PLAINTIFF IS ENTITLED TO ADDITIONAL ATTORNEYS FEES FOR TIME SPENT ON THIS APPEAL AND FOR HER COSTS AS A RESULT OF THIS APPEAL

The Plaintiff is entitled to her additional attorneys fees for this appeal and for her costs as a result of this appeal in overturning the portion(s) of the District Court's Order as identified above. Anchondo v. Anderson, Crenshaw & Associates, 616 F.3d 1098, 1107 (10th Cir. 2010). "When appellate fees are independently legally authorized, we have regularly considered requests in appellate briefs sufficient to place the matter before us. Anchondo, 616 F.3d 1098, 1107, Footnote 10. The Plaintiff requests that this Court remand this case to the District Court to determine an appropriate amount for Plaintiff's Attorneys Fees and Costs for this Appeal. Whittington v. Nordam Group Inc., 429 F.3d 986, 1002 (10th Cir. 2005).

## STATEMENT OF COUNSEL AS TO ORAL ARGUMENT

Oral argument is not requested.

**CONCLUSION**

The District Court's Order denying in part Plaintiff's Motion for Attorneys Fees and denying the Plaintiff's Supplemental Motion for Attorneys Fees as to the Plaintiff's Attorneys Fees expended after the Plaintiff's initial Motion for Attorneys Fees was filed with the Court in furtherance of and in support of the initial Motion should be reversed for the reasons stated above and the District Court should be Ordered to award Plaintiff's reasonable Attorneys Fees expended after the Plaintiff's Initial Motion for Attorneys Fees was filed with the Court in furtherance and in support of the Motion and remand this case to the District Court to determine an appropriate amount for Plaintiff's Attorneys Fees and Costs for this Appeal.

Respectfully submitted this 27th day of June, 2013.

 s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, Colorado 80112
Telephone: (303) 799-6895
Attorney for Plaintiff

14

## Certificate of Compliance

Section 1. Word Count

As required by Fed.R.App.P. 32(a)(7)(c), I certify that this brief is proportionally spaced and contains  3,316          words,

Complete one of the following:

I relied on my word processor to obtain the count and it is Microsoft Word 2011.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

By:        __s/ David M. Larson_____
                  David M. Larson


## CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTION

I hereby certify that a copy of the foregoing **APPELLANT'S OPENING BRIEF** as submitted in Digital Form via court's ECF system, is an exact copy of the written document filed with the Clerk and has been scanned for viruses with the AVG Internet Security 8.5.449, and according to the program, is free of viruses. In addition, I certify all required privacy redactions have been made.

By:        __s/ David M. Larson_____
                  David M. Larson

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2013, I electronically filed the foregoing APPELLANT'S OPENING BRIEF with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Steven J. Wienczkowski, Esq.
    Adam L. Plotkin, Esq.
    Adam L. Plotkin, PC
    621 17th Street, Suite 1800
    Denver, CO 80293
    swienczkowski@alp-pc.com
    aplotkin@alp-pc.com

    ___s/ David M. Larson_____