Case No. 13-1138

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

MIRACLE GASH

  Plaintiff-Appellant,

v.

CLIENT SERVICES, INC.,
a Missouri Corporation,

  Defendant-Appellee.

---

On Appeal from the United States District Court for the District of Colorado
The Honorable Lewis T. Babcock
Case No. 1:12-cv-01426-LTB-MJW

---

## APPELLEE'S ANSWER BRIEF

---

## Oral Argument is not requested by Appellee

Respectfully Submitted,

ADAM L. PLOTKIN, P.C.

By:   s/ Steven J. Wienczkowski
  **Steven J. Wienczkowski, No. 33105**
  621 17th Street, Ste. 1800
  Denver, CO 80293
  Phone: (303) 296-3566
  E-mail: swienczkowski@alp-pc.com

## CORPORATE DISCLOSURE STATEMENT

Appellee, Client Services, Inc. ("Client Services") is a corporation located at 3451 Harry S. Truman Boulevard, St. Charles, Missouri 63301.  Client Services does not have any parent companies.  No publicly held company owns 10% or more of an ownership interest in Client Services.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................ ii

TABLE OF AUTHORITIES .............................................................................iv

PRIOR OR RELATED APPEALS ..................................................................... vii

JURISDICTIONAL STATEMENT ......................................................................1

ISSUES PRESENTED FOR REVIEW AND STANDARDS OF REVIEW ..........2

STATEMENT OF THE CASE...........................................................................2

STATEMENT OF FACTS ................................................................................3

SUMMARY OF THE ARGUMENT ..................................................................6

ARGUMENT ...................................................................................................7

      A. The District Court Appropriately Denied
         Gash's Supplemental Motion for Fees as Untimely ............................7

      B. The FDCPA Allows for "Reasonable," not Perpetual, Fees...............10

      C. Gash Could have Provided the District Court with
         a Reasonable Estimate of Fees ...........................................................16

      D. Gash abandoned the Amount Sought in the Supplemental
         Motion for Fees ................................................................................18

      E. Gash is not Entitled to Additional Fees.............................................20

CONCLUSION ...............................................................................................21

STATEMENT REGARDING ORAL ARGUMENT ...........................................21

CERTIFICATE OF COMPLIANCE...................................................................22

CERTIFICATE OF DIGITAL SUBMISSION .....................................................23

CERTIFICATE OF SERVICE ...................................................................24

# TABLE OF AUTHORITIES

## Cases

Airport Neighbors Alliance v. United States,
      90 F.3d 426 (10th Cir. 1996)................................................................20

Ariz. Christian Sch. Tuition Org. v. Winn,
      131 S. Ct. 1436 (2011) .......................................................................19

Awad v. Ziriax,
      670 F.3d 1111 (10th Cir. 2012)...........................................................19

Beard v. Teska,
      31 F.3d 942 (10th Cir. 1994).................................................................2

Bernback v. Greco,
      2007 U.S. App. LEXIS 956 (3rd Cir. Jan. 16. 2007) .................. 7-9, 14

Brimer v. Life Ins. Co. of North America,
      462 Fed. Appx. 804 (10th Cir. Feb. 12, 2012) ....................................16

Blum v. Stenson,
      465 U.S. 886 (1984) ...........................................................................10

City of Hugo v. Nichols (Two Cases),
      656 F.3d 1251 (10th Cir. 2011)...........................................................19

Cummins v. Campbell,
      44 F.3d 847 (10th Cir. 1994)...............................................................13

Federal Home Loan Mortgage Corp. v. Lamar,
      503 F.3d 504 (6th Cir. 2007)...............................................................11

Fuerschback v. Southwest Airlines Co.,
      439 F.3d 1197 (10th Cir. 2006).............................................................4

Glass v. Pfeffer,

849 F.2d 1261 (10th Cir. 1988)............................................................13

Hensley v. Eckerhart,
          461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983).......................2

Hernandez v. George,
          793 F.2d 264 (10th Cir. 1986)............................................................12

Honig v. Doe,
          484 U.S. 305 (1988) ...........................................................................19

Iqbal v. Golf Course Superintendents Ass'n of Am.,
          900 F.2d 227 (10th Cir. 1990)............................................................12

King v. Midland Credit Mgmt.,
          2013 U.S. Dist. LEXIS 71747 (D. Colo. May 21, 2013)......... vii, 9, 17

Mallony v. Monahan,
          73 F. 3d 1012 (10th Cir. 1996)............................................................2

Mares v. Credit Bureau of Raton,
          801 F.2d 1197 (10th Cir. 1986)..........................................................12

Murphy v. Equifax Check Servs., Inc.,
          35 F. Supp.2d 200 (D. Conn. 1999) ....................................................10

Park County Resource Council v. USDA,
          817 F.2d 609 (10th Cir. 1987)............................................................19

Prandini v. National Tea Co.,
          585 F.2d 47 (3rd Cir. 1978)................................................................13

Sanders v. Jackson,
          209 F.3d 998 (7th Cir. 2000)..............................................................11

Shawnee Tribe v. United States,
          423 F.3d 1204 (10th Cir. 2005)..........................................................19

Sinajini v. Bd. of Educ.,
          53 Fed. Appx. 31 (10th Cir. 2002) ......................................................12

Village of Los Ranchos de Albuquerque v. Marsh,
     956 F.2d 970 (10th Cir. 1992)....................................................... 19-20

White v. Cavalry Portfolio Services, LLC,
     2012 U.S. Dist. LEXIS 35601 (D. Colo. Mar. 16, 2012).............. 16-18

Zuchel v. City and County of Denver,
     997 F.2d 730, 745-46 (10th Cir. 1993) ..................................................2

## Statutes

Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et seq* ........................ *passim*

15 U.S.C. § 1693k(a)(3)................................................................................10

28 U.S.C. § 1331 ...........................................................................................1

28 U.S.C. §1291 ............................................................................................1

## Court Rules

Fed.R.App.P.4(a)(4)(v)................................................................................. 1

Fed.R.App.P. 32(a)(7)(c) .............................................................................22

Fed.R.Civ.P. 54(d)(2)...........................................................................6-7, 9-10

Fed.R.Civ.P. 54(d)(2)(B)(i) .............................................................3, 5-7, 11, 14-15

Fed.R.Civ.P. 54(d)(2)(B)(iii) .........................................................7, 16, 18

Fed.R.Civ.P. 68 ........................................................................................ 2-3

## PRIOR OR RELATED APPEALS

There are no prior appeals. Although the case involves different parties, Client Services would note that there is currently an appeal before this Court involving similar issues as the instant case.  That case is: <u>King v. Midland Credit Mgmt.</u>, *Case No. 13-1225.*

# JURISDICTIONAL STATEMENT

**Basis for District Court's Subject Matter Jurisdiction:**

Appellant Miracle Gash ("Gash") filed a Complaint in the United States District Court for the District of Colorado on June 1, 2012. (Aplt. App. 005-015)[1]. Gash's Complaint alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et. seq.* (the "FDCPA"). (Id.). Accordingly, jurisdiction in the District Court was proper pursuant to 15 U.S.C. § 1692k(d), invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**Basis for Appellate Court Jurisdiction:**

Gash appeals the District Court's Order dated March 18, 2013, relating to Gash's request for attorneys' fees and supplemental request for attorneys' fees. This Court has jurisdiction over appeals from final decisions of the United States District Courts pursuant to 28 U.S.C. §1291.

**Timeliness of the Appeal:**

Gash appealed the District Court's Order on April 10, 2013. (Aplt. App. 003, Doc. No. 21). Accordingly, Gash's appeal is timely pursuant to Fed.R.App.P.4(a)(4)(v).

---

[1] All references made to the Appellant's Appendix will be abbreviated as "Aplt. App."

## ISSUES PRESENTED FOR REVIEW AND STANDARDS OF REVIEW

### A.     Issue.

Did the District Court err in denying Gash's request for attorneys' fees in her supplemental motion for fees, which was filed over fourteen (14) days after judgment entered in her favor?

### B.     Standard of Review.

A district court's award of attorneys' fees is reviewed for clear abuse of discretion. <u>Mallony v. Monahan</u>, 73 F. 3d 1012, 1017 (10th Cir. 1996)(citing <u>Zuchel v. City and County of Denver</u>, 997 F.2d 730, 745-46 (10th Cir. 1993)). The district court should provide "….a clear explanation of its reason for the fee award." <u>Mallony</u>, 73 F.3d at 1017 (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)). Any statutory interpretation or legal analysis forming the basis of a fee award is reviewed *de novo*.  <u>Mallony</u>, 73 F. 3d at 1047. (citing <u>Beard v. Teska,</u> 31 F.3d 942, 955 (10th Cir. 1994)).

## STATEMENT OF THE CASE

Gash appeals the District Court's Order denying in part Gash's request for attorneys' fees following her acceptance of an Offer of Judgment tendered by Client Services pursuant to Fed.R.Civ.P. 68. (hereinafter the "Order," attached to *Opening Brief* and Aplt. App. 151-159). Specifically, Gash appeals the portion of

the Order wherein the District Court declined to accept the fees claimed by Gash in her "Supplemental Motion for Attorney Fees" (Aplt. App. 118)(hereinafter "Supplemental Motion for Fees"), which was filed more than fourteen (14) days after the judgment was entered against Client Services.[2] See, *Order,* at Aplt. App. 157-158.  In the Order, while recognizing that some circumstances may warrant allowing a supplemental motion for fees beyond the 14-day limit set forth in Fed.R.Civ.P. 54(d)(2)(B)(i), the District Court declined to accept Gash's request for additional fees.

## STATEMENT OF THE FACTS

The relevant facts for purposes of this appeal are not complex.  Gash filed her Complaint on June 1, 2012.  (Aplt. App. 005-015).  In the Complaint, Gash alleged that Client Services violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). (Id.).   Six (6) days after Gash filed her Complaint, Defendant served an Offer of Judgment pursuant to Fed.R.Civ.P. 68. ("Offer of Judgment"), in the amount of $1,001.00 plus reasonable costs and attorney's fees. (Aplt. App. 18-20).  Gash waited until the fifteenth (15) day after

---

[2] Gash makes various references in her Opening Brief that seem to imply that she is also appealing the portion of the Order relating to the denial of total fee amount requested in the original motion for fees.  However, Gash provides no argument with respect to the District Court's decision to reduce Gash's fees separate and apart from the denial of the fees requested in her supplemental motion. As such, this Court should deem any argument regarding the reduction of the original

service of the Offer of Judgment to accept it.  (Aplt. App. 16-17).   The Clerk entered Judgment against Client Services on June 25, 2012. (Aplt. App. 23).  The parties stipulated to the costs in this case ($420.00), and after being unable to informally resolve the issue of attorneys' fees, Gash filed her "Motion for Attorneys [sic] Fees" on July 9, 2012.  (Aplt. App. 024-061)(hereinafter Gash's "Motion for Fees").  In her Motion for Fees, Gash requested that she be awarded $3,525.00 in attorneys' fees.  (Aplt. App. 037). Client Services filed its Response to Gash's Motion for Fees on July 31, 2012 (Client Services' "Response")(Aplt. App. 062-077).   Gash filed her "Reply to Defendant's Response to Plaintiff's Motion for Attorney's Fees" (Gash's "Reply") on August 14, 2012.  In the Reply, Gash requested an additional $575.00 to be added to the amount she originally requested in her Motion, for time Gash claimed to have spent drafting the Reply. One month later, on September 14, 2012, Gash filed a Supplemental Motion for Fees (Aplt. App. 118). The fees requested by Gash included the $575.00 she requested in her Reply for preparing the Reply, in addition to time relating to the Supplemental Motion for Fees. (Aplt. App. 120). The total amount requested in the Supplemental Motion for Fees was $875.00 (reflecting an additional 3.5 hours of time). (Id., at 120; 127).  Client Services filed its Response to Gash's Supplemental Motion for Fees on October 5, 2012.  (Aplt. App. 139).  Gash filed a "Reply to

---

motion for fees as waived. See, Fuerschback v. Southwest Airlines Co.,  439 F.3d

Defendant's Response to the Plaintiff's Supplemental Motion for Attorney's Fees"
(Gash's "Reply in Support of Supplemental Motion for Fees") on October 19,
2012.  (Aplt. App. 143-150).

The District Court addressed both the Motion for Fees and Supplemental
Motion for Fees in its Order dated March 18, 2013.  (Attachment to *Opening Brief*
and Aplt. App. 151-159). In addition to reducing the fees requested in the Motion
for fees, the District Court found that Gash's Supplemental Motion for Fees (which
was filed 82 days after the Clerk entered Judgment pursuant to the accepted Offer
of Judgment), to be untimely under Rule 54(d)(2)(B)(i) (Id., 157-158).   The
District Court noted that, while some circumstances may warrant an extension of
the 14-day deadline under Rule 54(d)(2)(B)(i) (such as when local rules provide
for an extended period of time or when the moving party successfully defends an
appeal), the District Court found, in its discretion, that the circumstances in this
case do not so warrant an extension. (Aplt. App. 157).

Gash appealed the District Court's Order on April 10, 2013.  (Aplt. App.
003, Doc. No. 21).

---

1197, 1209-10 (10th Cir. 2006).

## SUMMARY OF THE ARGUMENT

The District Court appropriately found that Gash's Supplemental Motion for Fees was untimely under Fed.R.Civ.P. 54(d)(2)(B)(i).    Rule 54(d)(2)(B) appropriately vests the district courts with the discretion to accept requests for fees beyond the 14-day deadline.    While the District Court recognized that some circumstances may warrant extending the 14-day deadline set forth in that Rule, it did not abuse its discretion in determining that such circumstances did not exist in this case.

The rule that Gash appears to advocate is a per se allowance of **_all_** requests for fees beyond the 14-day deadline, so long as such requests relate to efforts to obtain the results sought in an original fee petition.  If this Court were to adopt such a rule, it would result in the perpetual request for fees on top of fees unless a FDCPA defendant acquiesces to the entire amount a plaintiff seeks in the initial request for fees, even if such fees are unreasonable and are ultimately reduced by the court, such as occurred in this case.    Such a carte blanche rule would effectively eviscerate Rule 54(d)(2)(B)(i)'s 14-day deadline as well as the Rule's discretionary mechanism for allowing belatedly-filed requests in appropriate cases, such as when an original request for fees had been "vindicated."  Gash's proposal would also run afoul of the FDCPA's allowance of only "reasonable" fees.

Accordingly, the District Court's Order should be affirmed in its entirety.

6

# ARGUMENT

### A. The District Court Appropriately Denied Gash's Supplemental Motion for Fees as Untimely.

The District Court found that Gash's Supplemental Motion for Fees was untimely pursuant to Fed.R.Civ.P. 54(d)(2)(B)(i). (Aplt. App. 157-158).   Rule 54(d)(2) states, in pertinent part:

> (2) *Attorney's Fees.*
> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
> (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>   (i) be filed no later than 14 days after the entry of judgment;
>   (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>   (iii) state the amount sought or provide a fair estimate of it….

Fed.R.Civ.P. 54(d)(2)(A)-(B)(iii).

In her Opening Brief, Gash does not cite any controlling authority which would alter the 14-day deadline set forth in Rule 54(d)(2)(B)(i).   Instead, Gash relies primarily upon the Third Circuit's unpublished opinion in <u>Bernback v. Greco</u>, 2007 U.S. App. LEXIS 956 (3rd Cir. Jan. 16. 2007)(<u>See</u>, *Opening Brief*, p. 10).  The <u>Bernback</u> decision is neither controlling nor persuasive.

In <u>Bernback</u>, after several years of litigation and appeals, the plaintiff was ultimately awarded attorneys' fees pursuant to a fee-shifting clause in the contract at issue. <u>Id</u>., at *2. Following an appeal of the verdict as to the initial fee award, the plaintiff moved the district court for post-judgment interest and a supplemental fee award relating to the appeal. <u>Id</u>., at *2. The district court awarded post-judgment interest, and calculated the interest from the date they were quantified, rather that accruing from the jury verdict, as argued by the plaintiff. <u>Id</u>. The Third Circuit affirmed the appeal from the plaintiff regarding the interest issue. <u>Id</u>. Later, the district court quantified the supplemental fee request. <u>Id</u>., at *4. On the third appeal in the case, the Third Circuit took up the issue as to whether the plaintiff's motion for supplemental fees was timely. The Third Circuit rejected the defendant's argument that the supplemental motion was untimely because it was filed more than 14 days after the initial entry of judgment on the jury verdict. The Third Circuit determined that:

> ….the relevant event for purposes of a motion for supplemental fees is the entry of the judgment that required the prevailing party to incur the additional fees. "Judgment" in Rule 54 is defined as "a decree and any order from which an appeal lies." Fed.R.Civ.P.54(a). Thus, **when a party is entitled to additional fees for successfully opposing post-judgment motions**, the fee application should be filed within 14 days of the entry of denial of those motions, not within 14 days of the initial entry of judgment." Following this logic, **when a party is entitled to additional fees for successfully opposing an appeal, the relevant date is the date on which**

8

**the appellate court enters judgment affirming the district court."**

Id., at 6-7.  (emphasis added).

Therefore, the Bernback court found a rather limited exception to the presumptive 14-day deadline when a party successfully opposes post-judgment motions and appeals.  That is not the case here, as Gash is seeking an exception for belatedly-requested fees all stemming from a single judgment. Client Services did not file any post-judgment request for fees, it simply responded to Gash's request for fees relating to the acceptance of the Rule 68 Offer of Judgment.

Rule 54(d)(2)(B) provides a district court the discretion to extend the 14-day deadline-"….[u]nless provided by statute *or order of the court*…" (emphasis added).  In its Order, the District Court acknowledged that some courts, such as the court in Bernback, created exceptions to the 14-day deadline set forth in Rule 54(d)(2)(B)(i) when there is a successful opposition to an appeal.  (Aplt. App. 157).  However, the District Court appropriately concluded that "….the circumstances of this case do not lend toward allowing such motion." (Id.).[3]

---

[3] Similarly, in King v. Midland Credit Mgmt., 2013 U.S. Dist. LEXIS 71747 (D. Colo. May 21, 2013), the decision referred to above that is also currently on appeal before this Court and involves similar issues, the district judge denied a request for supplemental fees requested by the same counsel involved in this case.  Exercising its discretion, and citing to the Order in this case, the district court judge in King stated that the circumstances did not favor allowing the supplemental request for fees. Id., at *4-5.

Therefore, while the District Court recognized that it could in its discretion accept a request for fees beyond the 14-day deadline, it declined to do so.

Because Rule 54(d)(2)(B) confers the district courts the discretion to accept belatedly-filed requests for fees, Client Services submits that the district court judges are appropriately in the best position to evaluate whether the circumstances of a given case warrant consideration of extending the presumptive 14-day deadline to request fees. In this case, it was not an abuse of discretion for the District Court to decline to accept the additional request for fees as the circumstances simply did not warrant an extension (and none was requested). For example, there were no post-judgment motions or appeals to which Gash was forced to respond. Instead, Gash via her Supplemental Motion for Fees, was requesting that the District Court consider additional time related to a rather straightforward reply that she filed in support of her original Motion for Fees, which was filed over two months after the original Motion for Fees.

### B.   The FDCPA Allows for "Reasonable," not Perpetual, Fees.

A reasonable fee is one that adequately compensates counsel without producing a windfall for the attorneys. <u>Blum v. Stenson</u>, 465 U.S. 886, 897 (1984). The FDCPA's fee-shifting provision is set forth contained in 15 U.S.C. § 1693k(a)(3). The purpose behind the fee-shifting statute is "…to encourage able counsel to undertake FDCPA cases." <u>Murphy v. Equifax Check Servs., Inc.</u>, 35 F.

Supp.2d 200, 204 (D. Conn. 1999).   The FDCPA, "…was not intended to create a cottage industry for the production of attorney's fees." Id.   However, this is precisely what has occurred.  See, Federal Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 513 (6th Cir. 2007); Sanders v. Jackson, 209 F.3d 998, 1004 (7th Cir. 2000).  Indeed, there is no shortage of lawsuits filed under the FDCPA, as just under 11,500 FDCPA lawsuits were filed in 2012.[4] Notably, Gash's counsel is one of the most prolific filers of FDCPA lawsuits in the country.   According to PACER, Gash's counsel filed 350 lawsuits under the FDCPA in 2012 alone.

Client Services fully acknowledges that Gash's counsel is entitled to his reasonable attorney's fees in the cases where judgment is obtained.   However, given the high volume of cases filed in Colorado, the Colorado district courts judges and magistrate judges are in the unique position of being able to determine which cases warrant additional fees incurred after the 14-day deadline set forth in Rule 54(d)(2)(B)(i).   The district courts are also in the unique position of being able to determine the "reasonableness" of a given fee request based upon their extensive experience in presiding over FDCPA cases. Indeed, the District Court in this case noted its familiarity with Gash's counsel and his billing practices, which

---

[4] Source: WebRecon, LLC, an organization which compiles data about consumer lawsuits. https://www.webrecon.com/b/fdcpa-case-statistics/for-immediate-release-fdcpa-and-other-consumer-lawsuit-statistics-dec-16-31-year-end-review-2012.

aided the court in determining that reductions in the amount claimed by Gash's counsel were warranted. (Aplt. App. 155-156).

Client Services also recognizes that this Court has held that a party may recover fees for their work in trying to resolve the attorneys' fee issue.  See e.g., Hernandez v. George, 793 F.2d 264, 269 (10th Cir. 1986)(citations omitted). However, as explained by this Court in Sinajini v. Bd. of Educ., 53 Fed. Appx. 31 (10th Cir. 2002)(unpublished), this is not an absolute rule:

> Our circuit's approach to such awards has varied from clear hostility to a presumption that they are generally available. After examining numerous cases, we have found that there is, and should be, no hard-and-fast rule on this question. Rather, "the issue must be resolved on a case-by-case basis."

Id., at *38-39 (quoting Iqbal v. Golf Course Superintendents Ass'n of Am., 900 F.2d 227, 229-30 (10th Cir. 1990)).  The Sinajini court also referred to this Court's decision in Mares v. Credit Bureau of Raton, 801 F.2d 1197 (10th Cir. 1986), which stated:

> ….the general rule is that at least some compensation is generally allowable for work reasonably expended on the fee application….although hours not spent representing the client are at best on the borderline of what Congress intended to be compensable. **There is a difference, however, between time necessary to prepare and submit an application for fees, and hours spent disputing a fee award. The latter are especially suspect, and may be disallowed in their entirety. The district court has great leeway in this regard, and "only in extraordinary circumstances will we disturb a district judge's**

> **exercise of his discretion in awarding or denying fees for establishing fees."**

Id., at 1206 (emphasis added)(citations omitted). This Court has also appeared to acknowledge that additional fees relating to the establishment of the fee amount may be limited to circumstances where "…. 'fee petitioner is successful and his claim as to a reasonable fee is vindicated…'" Glass v. Pfeffer, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988)(quoting Prandini v. National Tea Co., 585 F.2d 47, 54, n. 8 (3rd Cir. 1978)); See also, Cummins v. Campbell, 44 F.3d 847, 855 (10th Cir. 1994) (noting that "….the award of fees for the preparation of the fee application is not without limits," and finding while an attorney is generally allowed to recover fees for work in seeking attorney fees, a district court has discretion to deny award for those hours when the underlying claim for fees is determined to be unreasonable).

In this case, it is clear that Gash's claim for fees was not "vindicated." In her Motion for Fees, Gash sought $3,525.00 in fees. (Aplt. App. 037). The District Court awarded Gash *less* than she requested and awarded her $2,550.00 in attorneys' fees. (Aplt. App. 159). Therefore, while Gash continued to litigate her Motion for Fees after it was filed (by filing her Reply and Supplemental Motion for Fees), because she was unsuccessful in convincing the court to award her the full amount of fees requested, she does not fall within the exception of awarding fees for successfully "vindicating" her original request for fees.

Gash additionally argues that her Supplemental Motion for Fees was in fact timely because it was not a "new" motion at all, but rather should be deemed as simply adding to her original Motion for Fees. (*Opening Brief,* p. 9). This argument in fact undermines Gash's position with respect to her argument that her Supplemental Motion for Fees falls within the types of exceptions discussed in Bernback v. Greco, *supra,* (relating to fees for post-judgment motions and appeals).   By Gash's own admission then, the Supplemental Motion for Fees purports to "add" to a request for fees related to a single judgment entered over 14-days prior to when the "additional" request is made. This renders the request as untimely under Rule 54(d)(2)(B)(i).

Moreover, applying Gash's logic, one can simply label a request as a "supplemental" request for fees, even when, as in this case, the fees requested clearly relate to fees claimed to have been incurred after the original request for fees. The District Court appropriately accepted the argument made by Client Services in its Response that allowing "supplemental" motions could be extended indefinitely, stating "….I agree with Client Services that Plaintiff's request would seem to have no end point as she could, in theory, continually ask for continued work in replying to her own motions, and then in filing new ones." (Aplt. App. 157).   Gash argues that this is not a valid concern because, in this case, she apparently decided to abandon the request for additional fees in her Reply in

14

Support of Supplemental Motion for Fees (*Opening Brief*, p. 11). Gash misses the point. What Gash appears to be arguing for in this appeal is a holding that, once a defendant chooses not to pay the initial demand for fees (irrespective of the "reasonableness" of the requested amount), a plaintiff is entitled to every single hour spent chasing after those fees, notwithstanding Rule 54(d)(2)(B)(i)'s deadline. Gash's position is that as long as it is couched as a "supplemental" motion, additional fees may be requested over and over again (irrespective of the presumptive deadline) until every dollar the plaintiff seeks to recover is recovered. This proposal would lead to endless litigation over fees and an inappropriate windfall for the attorneys, especially in cases such as the case at bar where the plaintiff's original request for fees is never "vindicated" (i.e. reduced). An FDCPA plaintiff should not be afforded the opportunity to amass attorneys' fees in perpetuity.

Gash's proposal would also unnecessarily clog the district courts with endless motions seeking fees on top of fees. As noted above, this is not to say that there are no circumstances under which a fee request beyond the 14-day deadline should be accepted. The appropriate balance that is needed already exists in that Rule 54(d)(2)(B)(i) creates a hard deadline for fees, but also allows the district courts the ability to accept requests for fees outside the 14-day period *in appropriate circumstances*.

### C. Gash Could have Provided the District Court with a Reasonable Estimate of Fees.

In denying Gash's Supplemental Motion for Fees, the District Court, in addition to acknowledging that *some* circumstance (not present in this case) may warrant the extension of the 14-day deadline, suggested that Gash could have requested an estimate of time for preparing her Reply pursuant to Fed.R.Civ.P. 54(d)(2)(B)(iii). (Aplt. App. 157-158). Gash argues against the District Court's suggestion because, given the purported uncertainty as to what would need to be argued in a reply brief, it would be "….impossible for Plaintiff's counsel to estimate the future fees that would be expended in the future at the time of the filing of her Motion for Attorneys [sic] Fees…." (*Opening Brief*, p. 7). Gash also argues that the District Court judge created a "moving target" in his rulings in that he previously rejected one of Gash's counsel's requests for additional fees in a separate matter, which in that case Gash's counsel requested the additional fees in the reply brief. (*Opening Brief,* p. 8). In the case to which Gash refers, White v. Cavalry Portfolio Services, LLC, 2012 U.S. Dist. LEXIS 35601 (D. Colo. Mar. 16, 2012), Judge Babcock denied the request contained in a reply brief for an additional 4.8 hours in fees because it was first raised in the reply, and cited Brimer v. Life Ins. Co. of North America, 462 Fed. Appx. 804 (10th Cir. Feb. 12, 2012)(unpublished). Id., at *3.

16

There is no inconsistency between the District Judge's ruling in the <u>White</u> case and the case at bar. In both cases, the court deemed the request for fees after the initial motion for fees as untimely. Presumably, in the <u>White</u> case, the District Judge could have found an additional basis to deny the request for fees in the reply as untimely under Rule 54(d)(2)(B)(i). The rulings are neither inconsistent nor confusing.

While Gash expresses skepticism about the ability to provide a "fair estimate" of fees that may be incurred relating to litigating a fee request, Gash fails to take into account Gash's counsel's extensive experience in handling FDCPA cases and contested fee petitions. In fact, taking into account matters handled by the undersigned's office alone, over the past two (2) years, Gash's counsel and the undersigned's law firm have been involved in at least eighteen (18) cases resulting in contested fee petitions after the acceptance of an offer of judgment under Rule 68.[5] As the District Judge recognized, Gash's counsel "...prepares motion for

---

See <u>e.g.</u>, <u>Feder v Midland Credit Management</u>, 11-cv-02872-JLK; <u>Fournier v Midland Credit Management</u>, 11-cv-02802-WJM-MEH; <u>Howard v Midland Credit Management</u>, 11-cv-03123-PAB-BNB; <u>Johnson v Leading Edge Recovery</u>, 12-cv-03103-CMA-CBS; <u>Johnson v Midland Credit Management</u>, 11-cv-02864-RPM-MEH; <u>King v Midland Credit Management</u>, 11-cv-02808-CMA-BNB; <u>Livingston v Midland Credit Management</u>, 11-cv-02775-WYD-MJW; <u>Nuanes v Nations Recovery Center, Inc</u>., 12-cv-01140-RPM-KMT; <u>Nuanes v NCC Business Services, Inc</u>., 12-CV-00228-WJM-MJW; <u>Orrick v Midland Credit Management</u>, 11-CV-03133-PAB-KMT; <u>Orrick v Midland Credit Management</u>, 12-cv-03142-RPM-CBS; <u>Remley v RJM Acquisitions, LLC</u>, 12-cv-01983-MSK-MJW; <u>Segura v Midland Credit Management</u>, 12-cv-00830-PAB-KMT; <u>Stauffer v NCC Business Services, Inc.</u>, 13-cv-00243, PAB-KLM; <u>Varley v Midland Credit Management</u>, 11-cv-02807-REB-MJW; <u>Wernick v Midland Credit Management</u>,

attorney fees in such cases regularly, often using practically identical motions and affidavits for different cases." (Aplt. App. 156).  As the motions for fees rarely differ, neither do the responses to those motions.  Therefore, there is no legitimate reason why Gash's counsel could not provide a "fair estimate" of fees that might be necessary in preparing a reply brief which generally mirrors all of the other replies filed in similar cases. Gash also fails to consider the district court's experience in handling disputed fee requests under the FDCPA, and in particular, as noted above, their unique knowledge of disputed fee requests involving Gash's counsel in particular. (Aplt. App. 157).  Given the experience of the district courts in reviewing contested fees petitions under the FDCPA, they are uniquely qualified to determine the reasonableness of an estimate of fees under Rule 54(d)(2)(B)(iii).

### D. Gash Abandoned the Amount Sought in the Supplemental Motion  for Fees.

In her Reply in Support of Supplemental Motion for Fees, while Gash argued against Client Services' argument of untimeliness with respect to the Supplemental Motion for Fees, oddly, Gash abandoned that request by stating "….however the Plaintiff is voluntarily reducing her total fee request in this case by 3.6 hours for a reduction of $900.00….so that the total amount requested for Attorney's Fees in this case is $3,500.00."  (Aplt. App. 147).

---

11-cv-03162-JLK-KLM; White v Cavalry Portfolio, 11-cv-02217-LTB-BNB; Williams v CACH, 13-cv-01291-RM-KMT.

Given Gash's apparent abandonment of even slightly more than the amount claimed in her Supplemental Motion for Fees, Client Services respectfully questions whether Gash has presented an issue which can properly be redressed by this Court. As such, Client Services submits that there is a legitimate concern as to whether Gash has standing and/or whether her claims have been rendered moot.

To establish Article III standing, Gash must establish: 1) that she "suffered an injury in fact;" 2) which is "fairly traceable to the challenged action….;" and 3) it is "likely" that "the injury will be redressed by a favorable decision." Awad v. Ziriax, 670 F.3d 1111, 1120 (10th Cir. 2012)(quoting Ariz. Christian Sch. Tuition Org. v. Winn, 131 S. Ct. 1436, 1442 (2011)). As this Court has held, "….[t]o demonstrate redressability, a party must show that a favorable court judgment is likely to relieve the party's injury." City of Hugo v. Nichols (Two Cases), 656 F.3d 1251, 1264 (10th Cir. 2011). Similarly, under Article III, federal courts may only adjudicate "actual, ongoing controversies." Honig v. Doe, 484 U.S. 305, 317 (1988). An appeal may be deemed "moot" when this Court is "….unable to redress a plaintiff's injury by a favorable judicial decision, even if redressability was possible when the suit was initiated." Shawnee Tribe v. United States, 423 F.3d 1204, 1212 (10th Cir. 2005)(citing Park County Resource Council v. USDA, 817 F.2d 609, 614-15 (10th Cir. 1987), *overruled on other grounds by* Village of

Los Ranchos de Albuquerque v. Marsh, 956 F.2d 970, 973 (10th Cir. 1992); Airport

Neighbors Alliance v. United States, 90 F.3d 426, 428-29 (10th Cir. 1996)).

As noted herein, Gash's appeal is aimed only at the portion of the District

Court's Order which denied her Supplemental Motion for Fees. As Gash appears to

have abandoned her request for those fees in her Reply in Support of her

Supplemental Motion for Fees, a favorable outcome for Gash will simply result in

the District Court accepting as timely a request for fees which was effectively

abandoned by Gash.  As such, Gash is seeking relief which has been rendered

moot, and the appropriate action would be to either dismiss the appeal, or affirm

the District Court's Order in its entirety.

### E.  Gash is not Entitled to Additional Fees.

In her Opening Brief, Gash requests attorney's fees related to this appeal.

(*Opening Brief*, p. 13).  As Client Services believes that the District Court's Order

should be affirmed, no award for additional fees is warranted. Further, as noted

above, since Gash has already abandoned the fees claimed in her Supplemental

Motion for Fees, no additional fees should be awarded for reaching a determination

on an issue that is effectively moot.

## CONCLUSION

For the reasons stated herein, Client Services respectfully requests that this Court affirm the District Court's Order in its entirety, or alternatively dismiss the appeal as moot.

## STATEMENT REGARDING ORAL ARGUMENT

Client Services does not request oral argument.

Respectfully submitted this 1st day of August, 2013.

ADAM L. PLOTKIN, P.C.

By:   s/ Steven J. Wienczkowski
**Steven J. Wienczkowski, No. 33105**
621 17th Street, Ste 1800
Denver, CO 80293
Phone: (303) 296-3566
E-mail: swienczkowski@alp-pc.com

21

## CERTIFICATE OF COMPLIANCE

As required by Fed.R.App.P. 32(a)(7)(c), I hereby certify that this Answer Brief is proportionally spaced,  and contains 5,442 words.  The undersigned relied upon his word processor (Microsoft Word, version 2010) to obtain the word count. The document was prepared in Times New Roman 14-point font.

I hereby certify that the information contained on this form is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

<u>/s/Steven J. Wienczkowski</u>
Steven J. Wienczkowski
Attorney for Appellee

## CERTIFICATE OF DIGITAL SUBMISSION

The undersigned certifies that no redactions were made or were necessary. The digital form of this document, submitted in pdf format, is an exact copy of the document filed with the Clerk, and has been scanned for viruses using Webroot Secure Anywhere Enterprise. The document is free from any viruses. The software is updated weekly, and the definitions are updated daily.

I hereby certify that the information contained on this form is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

/s/Steven J. Wienczkowski
Steven J. Wienczkowski
Attorney for Appellee

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2013, I electronically filed the foregoing **ANSWER BRIEF** with the Clerk of Court using the CM/ECF system.  Two copies of the same were sent to counsel for appellant, addressed as follows:

> David M. Larson, Esq.
> Attorney for Appellant
> 405 S. Cascade Avenue, Suite 305
> Colorado Springs, CO 80903
> (719) 473-0006

In addition, seven (7) hard copies of this **Answer Brief** will be forward to the Clerk's Office within two (2) business days.

> By:        s/Steven J. Wienczkowski
>            **Steven J. Wienczkowski, No. 33105**
>            621 17th Street, Ste 1800
>            Denver, CO 80293
>            Phone: (303) 296-3566
>            E-mail: swienczkowski@alp-pc.com